IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SHAWN L. GELWICKS, #41392-037 | * | |
| Petitioner | | |
| v. | * | CIVIL ACTION NO. AMD-06-1693 |
| ALBERTO GONZALES, et al., | * | |
| Respondents | | |
| | *** | |

MEMORANDUM

Petitioner seeks relief against the Bureau of Prisons' denial of a sentence reduction.

I. Background

The Violent Crime Control and Law Enforcement Act of 1994 amended 18 U.S.C. § 3621(b) to require the U.S. Bureau of Prisons ("BOP") to "make available appropriate substance abuse treatment for each prisoner the BOP determines has a treatable condition of substance addiction or abuse." It added a section providing for incentives for prisoners to participate in such a Residential Drug Abuse Program ("RDAP"), including the possibility of an early release. Subsection 3621(e)(2)(B) provides that:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a [drug] treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

In implementing this provision, the BOP initially adopted the statutory definition of "crime of violence" found under 18 U.S.C. § 924(c)(3).[1]  Subsection 3621(e)(2)(B) was codified under 28

---

[1] 18 U.S.C. § 924(c)(3) defines "crime of violence" as: [a]n offense that is a felony and--

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

C.F.R.§ 550.58. Section 550.58 specifies three prerequisites for early release eligibility: the inmate must have been sentenced to a term of imprisonment for a nonviolent offense; must have a substance abuse problem; and must successfully complete a residential drug abuse treatment program while incarcerated.

Revisions to the regulation omit any reference to § 924(c)(3). The regulation does not attempt to define a nonviolent offense within the meaning of § 3621(e)(2)(B). Instead, the revised regulation categorically excludes certain inmates from early release. Section 550.58 states that:

> An inmate who was sentenced to a term of imprisonment pursuant to the provisions of 18 U.S.C. Chapter 227, Subchapter D for a nonviolent offense, and who is determined to have a substance abuse problem, and successfully completes a residential drug abuse treatment program during his or her current commitment may be eligible, in accordance with paragraph (a) of this section, for early release by a period not to exceed 12 months.
>
> (a) Additional early release criteria.
>
> (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:
>
> - (i) INS detainees;
> - (ii) Pretrial inmates;
> - (iii) Contractual boarders (for example, D.C., State, or military inmates);
> - (iv) Inmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child sexual abuse offenses;
> - (v) Inmates who are not eligible for participation in a community-based program as determined by the Warden on the basis of his or her professional discretion;
> - (vi) Inmates whose current offense is a felony:
>   - (A) That has as an element, the actual, attempted, or threatened use of physical force against the person or property of another, or
>   - (B) That involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device), or

2

> (C) That by its nature or conduct, presents a serious potential risk of physical force against the person or property of another, or
> (D) That by its nature or conduct involves sexual abuse offenses committed upon children.

The BOP also adopted a program statement to supplement 28 C.F.R. § 550.58. Program Statement ("PS") 5162.04, entitled Categorization of Offenses, was promulgated to assist BOP agents and employees in interpreting the revised regulation. The new program statement, which supersedes earlier program statements, enumerates various federal offenses which the Director of the BOP has determined to be crimes of violence (Section 6), and identifies other offenses which the Director has determined may not necessarily be crimes of violence, but which nonetheless render those prisoners ineligible for certain BOP program benefits, including early release under 18 U.S.C. § 3621(e).

Section 7 of PS 5162.04 states that as an exercise of the discretion vested in the Director, an inmate serving a sentence for an offense that falls under the provisions described below shall be precluded from receiving certain Bureau program benefits. Subsection (b) of P.S. 5162.04 provides in relevant part:

> At the time of sentencing, the court makes a finding of whether the offense involved the use or threatened use of force, and this finding is reflected in the PSI section entitled "Offense Computation," subsection entitled "Specific Offense Characteristics." This subsection references a particular U.S. Sentencing Guideline that provides for an increase in the Total Offense Level if the criminal violation was committed with force.

Petitioner, a federal prisoner housed at FPC-Cumberland, filed this petition for writ of habeas corpus under 28 U.S.C. § 2241 on July 5, 2006, alleging that respondents wrongfully denied him eligibility for a reduction in his period of incarceration under 18 U.S.C. § 3621(e)(2)(B), a decision based on the application of Section 7 of P.S. 5162.04. Petitioner asserts that he was convicted of

3

possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). He received a two-level enhancement under U.S.S.G. § 2K2.1(b)(1)(A) based on the number of firearms involved. Paper No. 4. He argues that he has completed the RDAP program and has been improperly denied the sentence reduction based on the firearm conviction and sentence enhancement.

Petitioner asserts that the BOP's interpretation of § 3621(e)(2)(B) is in conflict with the plain and clear language of the statute, in that the BOP has: (1) substituted its own definition of a "crime of violence" with regard to the "nonviolent offense" language in the statute; and (2) abused its discretion in denying him early release. He asks this court to grant his petition and declare his eligibility of a reduction of up to one year based upon his completion of the RDAP.

The court shall deny the petition; no hearing is needed. There is no dispute that petitioner began to participate in RDAP on May 16, 2005, and completed the residential portion of RDAP on February 16, 2006. Paper No. 4, Ex. 1. Respondents assert that petitioner's eligibility for early release is governed by 28 C.F.R. § 550.58, 18 U.S.C. § 3621(e)(2)(B), and PS 5162.04. Respondents contend that although petitioner has completed the residential portion of RDAP, he is ineligible for a reduction in his period of incarceration under 18 U.S.C. § 3621(e)(2)(B) because he has been convicted of a felony attended by "the carrying, possession, or use of a firearm." 28 C.F.R. 550.58(a)(iv)(B) and P.S. No. 5162.04. Paper No. 4, Ex. 1.

II.  Analysis

A.    Administrative Procedure Act

The Administrative Procedure Act ("APA") requires administrative agencies to provide for a period of public notice and comment before issuing a legislative or substantive rule. *See* 5 U.S.C.

4

§§ 551, 553, and 554; *Lincoln v. Virgil*, 508 U.S. 182, 196 (1993) (APA notice and comment requirements apply to legislative and substantive rules). The notice and comment provisions of the APA do not apply to "interpretative rules, general statements of policy, or rules of agency organization, procedure or practice." 5 U.S.C. § 553(b)(3).

Under 18 U.S.C. § 3621(b), the BOP was delegated authority to administer its drug abuse treatment programs. *See United States v. Jackson* 70 F.3d 874, 877-78 (6th Cir. 1995). Further, 18 U.S.C. § 3621(e)(2)(B) provides: "The period of a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program *may* be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." (Emphasis added). Congress did not define "nonviolent offense;" nor did it specify which inmates convicted of nonviolent offenses would be entitled to early release. In the absence of such a directive, the BOP promulgated and later revised 28 C.F.R. § 550.58, establishing initial early release criteria. The Supreme Court has upheld 28 C.F.R. § 550.58 as a permissible exercise of discretion by the Director of the BOP under 18 U.S.C. § 3621(e)(2)(B). *See Lopez v. Davis*, 531 U.S. 230, 231 (2001). The inmate in *Lopez*, like Petitioner, had been convicted of a drug-related offense and his sentence was enhanced two levels upon a finding that he possessed a firearm in connection with the offense. The BOP found Lopez qualified for participation in the RDAP, but as here, denied him eligibility for sentence reduction under § 550.58. In affirming the lower court ruling denying relief, the Court held that the BOP may exercise its discretion to look to sentencing factors in deciding which individuals, who are statutorily eligible for RDAP, are appropriate candidates for early release. *Id.* at 238.

In light of *Lopez*, the court finds no constitutional or statutory violation committed by the BOP in its promulgation of 28 C.F.R. § 550.58. Under existing caselaw, the regulation plainly permits the exercise of discretion within the BOP and constitutes an acceptable interpretation of 18 U.S.C. § 3621(e)(2)(B).

B.   Discretion of BOP

A decision to reduce an inmate's term of imprisonment lies within the discretion of the BOP. *See Lopez,* 521 U.S. at 241 ("[w]hen an eligible prisoner successfully completes the drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment."); *Wottlin v. Fleming*, 36 F.3d 1032, 1035 (5th Cir. 1998) ("Section 3621(e)(2(B) explicitly leaves sentence reductions to the discretion of the BOP."); *Tasby v. Pratt*, 2002 WL 1160071 (N.D. Tx. 2002) ("decision to exclude [prisoners that had a firearms sentence vacated by *Bailey*] from consideration for early release is a valid exercise of the Bureau's discretion."). An inmate's eligibility for participation in the RDAP Program, the determination of whether an inmate has successfully completed the program, and the amount, if any, of a reduction in sentence upon completion of the program, are all matters left to the discretion of the BOP.

The court finds no constitutional or statutory violation committed by the BOP in its promulgation of 28 C.F.R. § 550.58 or Program Statement 5330.10, or in their application to Petitioner. Under existing case law the regulation represents a permissible exercise of the BOP's discretion and an acceptable interpretation of 18 U.S.C. § 3621(e)(2)(B). The final determination as to petitioner's ineligibility for sentence reduction was not unreasonable given the uncontroverted factual background of his federal conviction.

C.  Due Process

By virtue of a valid criminal conviction and his subsequent legal confinement, a prisoner loses his expectation of liberty. *See Meachum v. Fano*, 427 U.S. 215, 224  (1976).  In order to invoke pre-deprivation procedural due process protections, a prisoner must first establish that he has been subjected to "atypical and significant hardship . . .  in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U. S. 472, 484 (1995).  The Constitution itself does not create a protected liberty interest in the expectation of early release.  *See Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U. S. 1, 7 (1979); *see also Jago v. Van Curen*, 454 U.S. 14, 18 (1981) (mutually explicit understanding that inmate would be paroled does not create liberty interest).  There is no protected liberty interest in the discretionary early release for completing the RDAP program pursuant to 18 U.S.C. § 3621(c).  *See, e.g., Cook v. Wiley*, 208 F.3d 1314,  1322-23 (11th Cir. 2000); *Venegas v. Henman*, 126 F.3d 760, 765 (5th Cir. 1997) *Jacks v. Crabtree*, 114 F.3d 983, 986, n. 4 (9th Cir. 1997); *Fonner v. Thompson*, 955 F. Supp. 638, 642 (N.D. W.Va. 1997).

III. Conclusion

For the reasons set forth herein, Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 will be denied. An order follows.


Filed: November 29, 2006                    __/s/_____
                                            Andre M. Davis
                                            United States District Judge